*D. D. Dykernan,* for the appellants.

---

## McCammock and Another v. Clark.

*A.* recovered a judgment against *B.*, and being indebted to *C.*, it was agreed between them, in the presence of *D.*, that *A.* should pay *C.* a part of the indebtedness in money, and in full payment of the residue transfer and

May Term,
1861.

McCAMMOCK
v.
CLARK.

assign to *C.* an amount of the judgment against *B.* equal to such residue, which transfer and assignment was, at the time of the agreement, made without writing, and accepted by *C.*, as such payment. *A.* at the same time authorized and directed *D.*, as his agent, to assign to *C.* upon the record, so much of the judgment as would pay the residue. Afterward, *B.* paid to the clerk the full amount of the judgment, and *D.* having failed to assign the judgment as authorized and directed by *A.*, collected and received the whole amount from the clerk.

*Held,* that *C.* could maintain an action against *D.*, for money had and received to his, *C's.*, use, for the amount of the judgment to which he was entitled under the agreement with *A.*

*Held,* also, that *A.* being the assignor of the judgment, was properly joined as a defendant "to answer as to the assignment, or his interest in the subject of the action."

*Held,* also, that although *A.* was not a resident of the county in which the action was brought, yet as *D.* was a resident therein, the Court had jurisdiction of the person of *A.*, he being a necessary party to the action.

*Held,* also, that the Supreme Court will not consider errors assigned which are not embraced in the causes alleged for a new trial in the Court below.

APPEAL from the *Putnam* Common Pleas.

Friday,
June 7.

DAVISON, J.—The appellee, who was the plaintiff, sued *Robert McCammock* and *Anderson Thompson*, alleging in his complaint these facts: *Thompson*, on *June* 20, 1858, recovered a judgment in the *Putnam* Common Pleas against one *John Case*, for $731; and on *September* 1, then next following, *Thompson* being indebted to the plaintiff $576, it was agreed between them in the presence of *McCammock*, that *Thompson* should pay the plaintiff $100 on said indebtedness, and in full payment of the residue, $476, transfer and assign to him an amount of the judgment against *Case* equal to such residue; which transfer and assignment was then made, without writing, and accepted by the plaintiff as such payment, of which *McCammock* then had due notice, &c. It is averred that *Thompson*, the judgment creditor, at the time of said agreement authorized and directed *McCammock*, as his agent, to assign upon the record to the plaintiff so much of said judgment as would pay $476, the above named residue; and, that afterward, on *December* 6, 1858, *Case*, the judgment debtor, fully paid the judgment to the clerk of said Court, and *McCammock* having failed to assign the judgment, as authorized and directed by *Thompson*,

collected and received the whole amount thereof from said clerk, and converted the same to his own use, &c. And the plaintiff in fact says, that *McCammock*, though often requested, has refused to account, or pay over to the plaintiff, the $476, so collected and received by him, &c.

The defendant *McCammock* demurred on three grounds: 1. The complaint does not state facts sufficient to constitute a cause of action. 2. There is a misjoinder of parties defendant. 3. The Court has no jurisdiction of the person of the defendant *Thompson*.

None of these grounds are tenable. The facts alleged show, affirmatively, a sufficient cause of action against *McCammock*, for money had and received for the plaintiff's use; and *Thompson*, being the assignor of the judgment, was properly joined as a defendant " to answer as to the assignment, or his interest in the subject of the action." 2 R. S., § 6, p. 28. There is consequently no ground for the assumption that the Court had no jurisdiction of his person.

*McCammock*, one of the defendants, answered by general denial; and the cause being thus at issue as to said defendant, the plaintiff moved to continue the case until the next term of the Court, which motion, though resisted by the defendant, was sustained by the Court; and the cause was thereupon continued to the next succeeding term of the Court, and the defendant excepted. At the term at which this continuance was granted, it appeared that the defendant *Thompson* had been served with process, though not in time to rule him to appear and plead. The continuance was granted without affidavit, the cost abiding the event of the suit.

*Thompson* appeared at the next subsequent term, and answered: 1. Denying any interest in the judgment, alleging that it was fully paid, and disclaiming any interest in the suit. 2. He denies the matters and things alleged against him in the complaint. 3. That he is a resident of *Morgan* county, and that the *Putnam* Common Pleas has no jurisdiction of his person. To the third paragraph of this answer the plaintiff replied, that the Court has jurisdiction of the person of *Thompson*; that his co-defendant, *McCammock*, resides in *Putnam* county, has been duly served with process,

is now in Court, and jointly with *Thompson* defending the suit; and that he, *Thompson*, is a necessary party, &c.

A demurrer to this reply was overruled, and we think correctly. *Thompson* was the assignor of the judgment, and therefore a necessary party to the suit. See 2. R. S., § 6, p. 28. And the statute provides that " when there are several defendants residing in different counties, the action may be brought in any county where either defendant resides, and a separate summons may be issued to any other county where the other defendants may be found." 2 R. S., § 33, p. 34; *Ward* v. *Buel*, 11 Ind. 327; *Arbuckle* v. *Spaugh, id.* 372.

The issues were submitted to a jury, who found for the plaintiff $470; and thereupon the defendant *McCammock,* moved for a new trial: 1. Because the verdict was contrary to law and evidence. 2. The damages were excessive. 3. Errors of law occurring at the trial, and excepted to at the time.

It is assigned for error, that the Court awarded a continuance on the plaintiff's motion without affidavit, and without taking cost against him; that *Thompson* was not allowed to testify on behalf of his co-defendant, and that the Court erred in giving instructions; but these rulings are not properly before us, because they do not appear to have been sufficiently assigned as a cause for a new trial. They are evidently not embraced in the first and second alleged causes. And the third, viz., " Errors of law occurring at the trial, and excepted to at the time," is too general, and does not inform the Court, specifically, of the errors of which the party complains.

We have examined the evidence, and are of opinion that it sustains the verdict; nor is there any ground for the conclusion that the damages are excessive.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*J. A. Matson* and *A. Daggy*, for the appellants.